UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY SMITH DeDONNO, | ) 1:10CV0167 |
| | ) |
| Petitioner | ) JUDGE BENITA PEARSON |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| RICHARD HALL, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Gregory Smith DeDonno[1] ("DeDonno") has filed a petition pro

se for a writ of habeas corpus, arising out of his 2008 conviction and sentencing for

rape and kidnapping, in the Cuyahoga County (Ohio) Court of Common Pleas.

(Doc. 1.)  In his petition, DeDonno raises five grounds for relief, verbatim:

> 1.  Trial court was without authority to accept my guilty plea because
> at the time of my plea, I was not informed that I was waiving my
> constitutional right to compulsory process of witnesses.  Personal
> jurisdiction over my plea was not required.
>
> 2.  Trial court was without personal jurisdiction to accept my guilty
> plea where at the time of my plea I was erroneously informed that
> post-release control was discretionary, when by operation of law, it was
> mandatory in my case.
>
> 3.  Trial court was without authority to accept my guilty plea, where at
> the time of my plea, the court erroneously informed me that I was

---

[1]  The respondent notes that DeDonno was formerly known as "Gregory
Smith."  (Doc. 9, at 1.)

eligible for probation on the crime of rape, where that charge carried a mandatory term of incarceration.

4.  Trial court's attempted sentence of April 1, 2008, was void because it engaged in unconstitutional, judicial fact-finding in imposing sentence.

5.  Petitioner's confinement cannot continue to stand because the sentence for which he is currently incarcerated under results from a kidnapping that fails to lawfully charge the offense under Ohio law.

(Doc. 1, § 12.)

The respondent has filed an Answer/Return of Writ.  (Doc. 9.)  DeDonno filed

a Traverse.  (Doc. 10.)


## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background, in the petitioner's first direct appeal:

Defendant-appellant Gregory Smith [DeDonno] appeals from his convictions following guilty pleas to the rape of a child under thirteen (R.C. 2907.02) and kidnapping a child for purposes of engaging in sexual conduct (R.C. 2905.01).  Defendant claims the trial court erred in sentencing him contrary to law to the maximum prison terms to be served consecutively; that he received ineffective assistance of counsel; and that his sexual predator classification was unconstitutional.  We find no error and affirm.

On April 2, 1998, at approximately 10:00 a.m., [C.R.][2] and [C.A.], both age twelve, were walking on the sidewalk across from Heskett Middle School on Perkins Avenue in Bedford Heights, Ohio.  As they walked, defendant and co-defendant Kenneth Walker approached in an automobile and stopped.  The girls entered the vehicle.

---

[2]  The state court's opinion recites the full names of both of the minor victims. As their names are not relevant here, this court will simply use their initials.

Thereafter, defendant, Walker, [C.R.] and [C.A.] proceeded to Mr. Walker's home at 25250 Columbus Road, Bedford Heights, Ohio where the girls were served beer.  Shortly after their arrival, defendant took [C.R.] into a bedroom where they engaged in sexual activity during which defendant allegedly held her mouth shut, ignored her struggles and tears, pulled her underwear off and penetrated her.

Defendant was originally indicted on three counts of a five-count indictment.  Counts four and five related to Mr. Walker.  Count one of defendant's indictment was for the rape of a child under the age of thirteen, [C.R.], "by purposely compelling her to submit by the use of force or threat of force" (R.C. 2907.02), with a sexually violent predator specification (R.C. 2971.01(I)).  Counts two and three were for the kidnapping of [C.R.] and [C.A.], respectively, both under the age of thirteen for the purpose of engaging in sexual activity (R.C. 2905.01), with sexual motivation (R.C. 2971.01(K)) and sexually violent predator (R.C. 2907.01(I)) specifications.

On September 22, 1998, defendant pled guilty to an amended count one, deleting the "by purposely compelling her to submit by the use of force or threat of force" language from the body of the indictment and deleting the sexually violent predator specification.  Defendant also pled guilty to an amended count three, deleting the sexual motivation and sexually violent predator specifications.  Count two was dismissed.  Also as part of the plea agreement, defendant stipulated to being a sexual predator for purposes of community notification and reporting.

At the plea hearing, the prosecutor read the charges and the amendments to be made pursuant to the agreed plea.  She stated that both counts were first-degree felonies and listed the potential penalties for each offense.  The prosecutor further expressed to the court that "no threats or promises have been made by any member of this department or the police department to induce the anticipated change of plea." Defense counsel then expressed to the court agreement with the prosecutor's recitation of the substance of the plea negotiations.

Subsequently, defendant acknowledged to the trial court that he understood everything that took place in his case, that he was not under the influence of alcohol or drugs, that his mind was clear, and that he was satisfied with the representation of defense counsel.  Defendant further acknowledged to the court his understanding that the amended counts were felonies of the first degree carrying potential

3

penalties of three to ten years and his understanding of his sexual
predator stipulation.  Defendant was then informed of the notification
and registration requirements which accompany the sexual predator
classification.

The trial court subsequently asked the defendant if he understood that
by entering a plea of guilty, he was waiving his constitutional right to
a trial by a jury or a judge, his right to cross-examine witnesses, his
right to be proven guilty beyond a reasonable doubt and his right not
to testify at trial.  In response to each question, defendant stated "yes."

After the trial court questioned the defendant pursuant to Crim.R. 11,
defendant pled guilty to amended counts one and three pursuant to the
plea agreement.  The trial court then found that defendant's plea was
knowingly, voluntarily and intelligently made with a full
understanding of his constitutional rights.

At defendant's October 13, 1998, sentencing hearing, the trial court
again informed defendant of his duties as a sexual predator and
defendant expressed his understanding.  The prosecutor then informed
the court that defendant's psychological report revealed that he had
previously fathered twin boys with a thirteen-year-old girl and that he
had a son with another girl who was between fifteen and sixteen years
old.  The prosecutor also informed the trial court of defendant's prior
conviction for corruption of a minor which involved a thirteen or
fourteen-year-old girl and his two domestic violence arrests in 1994
and 1995.

Before pronouncing sentence, the trial court acknowledged that it had
read the pre-sentence investigative report, all of the letters from the
family members and the victims, and the sentencing memorandum
provided by defense counsel.  The court stated that it considered all the
factors in defendant's favor as required by law, including defendant's
psychological report.  The court then sentenced defendant as follows:

> COURT: I have considered all the mitigating factors, as
> well as the factors on either side.
>
> I do not find the Defendant to be amenable to community
> control, which is the first finding I have to make.
>
> Secondly, we have to sentence on each count.

4

> On the rape, ten years, Lorain Correctional Institute.
>
> On the kidnapping, nine years Lorain Correctional Institute.
>
> This sentence is going to be necessary to both protect and punish the offender, not disproportionate to the conduct and danger he imposes.
>
> And I consider this harm to be so great and unusual, that a single term does not adequately reflect the seriousness of the conduct.
>
> Therefore, they shall run consecutive to each other.
>
> Credit for time.
>
> Costs.
>
> We are done.

(Tr. at 40-41).

Furthermore, in its journal entry, the trial court stated: "Defendant's criminal history and social history shows that consecutive sentences are needed to protect the public."

(Doc. 9, RX 9, at 2-6; State v. Smith, No. 75512, 2000 WL 263405, at *1-*3 (Ohio Ct. App. Mar. 9, 2000).)

The state court of appeals subsequently provided an updated procedural history in an appeal of petitioner's resentencing:

> Appellant, Gregory Smith nka Gregory DeDonno (Smith), appeals his sentence imposed on April 1, 2008, in the Cuyahoga County Court of Common Pleas and the denial of his motion to withdraw his plea.  For the following reasons, we affirm.
>
> After entering into a plea bargain, Smith pleaded guilty to an amended indictment on September 22, 1998, to one count of rape, in violation of R.C. 2907.02, a felony of the first degree, and one count of kidnapping,

5

in violation of R.C. 2905.01, a felony of the first degree. Smith was sentenced on October 13, 1998, to ten years on the charge of rape and nine years on the charge of kidnapping, with the sentences to be served consecutively.

The initial procedural history and facts of appellant's conviction are set forth in this court's first opinion regarding this matter. On March 9, 2000, this court affirmed Smith's conviction in State v. Smith, Cuyahoga App. No. 75512 (Smith I ). On July 19, 2000, the Supreme Court of Ohio dismissed Smith's appeal for the reason that no substantial constitutional question existed and overruled his motion for leave to appeal. State v. Smith (2000), 89 Ohio St.3d 1457, 731 N.E.2d 1142. Smith filed an application for reopening in Smith I on October 19, 2001, which was denied on February 5, 2002.

On April 22, 2002, Smith filed a postconviction motion with the trial court, seeking to set aside his conviction and to withdraw his guilty plea pursuant to Crim.R. 11 and Crim.R. 32.1, which the state opposed as untimely. The trial court denied this petition on June 4, 2002, issuing findings of fact and conclusions of law.

Smith filed a renewed motion to vacate and/or withdraw guilty plea on September 3, 2002. The State opposed the motion by written response filed on October 7, 2002. The trial court denied Smith's renewed motion by journal entry on October 23, 2002, which stated:

> "Motion of defendant for renewed motion to vacate and/or withdraw guilty plea denied, as defendant's appeal was affirmed by Eighth District Court of Appeals on March 9, 2000. This court is without jurisdiction to hear current motion pursuant to State ex rel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 378 N.E.2d 162."

Smith appealed the trial court's ruling of October 23, 2002, which this court addressed in State v. Smith, Cuyahoga App. No. 82062, 2003-Ohio-3675 (Smith II ). In Smith II, this court affirmed the trial court's denial of Smith's renewed motion to vacate and/or withdraw his guilty plea for want of jurisdiction to hear the motion. Smith appealed to the Ohio Supreme Court, and Smith's appeal was dismissed on November 19, 2003. See State v. Smith, 100 Ohio St.3d 1486, 798 N.E.2d 1094, 2003-Ohio-5992.

6

On November 5, 2003, Smith filed a motion for reduction of sentence that this court denied on November 5, 2003.  Smith I.  On December 26, 2003, Smith filed a motion for delayed reconsideration.  This court treated the motion as an application for reopening and denied same on August 10, 2004.  Smith I.

On January 25, 2008, Smith filed with the trial court a motion to withdraw guilty plea pursuant to Crim.R. 32.1.  On February 15, 2008, Smith also filed a motion through counsel requesting that the court vacate his original sentence under the authority of State v. McGee, Cuyahoga App. No. 89133, 2007-Ohio-6655, which held that an offender is entitled to a new sentencing hearing when the original sentence failed to impose postrelease control.  On February 21, 2008, Smith filed a supplement to his motion to withdraw guilty plea pursuant to Crim.R. 32.1.

The trial court issued the following order on February 27, 2008, which reads in pertinent part:

> "Sentencing set for 4/01/2008 at 10:00 a.m. Defendant's motion to vacate sentence is granted.  Pursuant to State v. McGee, No. 89133, 8th District (Dec. 13, 2007) Defendant is entitled to a new sentencing hearing. Defendant to be returned to County jail no later than 3/31/08."

The court held the resentencing hearing on April 1, 2008, and imposed an aggregate 19-year term of incarceration: 10 years for the charge of rape and 9 years for the charge of kidnapping, with the sentences to be served consecutively.  Additionally, the trial court denied Smith's motion to withdraw his plea as indicated in a separate journal entry issued and filed on April 1, 2008.

(Doc. 9, RX 66, at 1-4; State v. Smith (DeDonno), No. 91346, 2009 WL 866899, at *1-*2 (Ohio Ct. App. Apr. 2, 2009).)

Meanwhile, on July 22, 2004, DeDonno had filed a petition for a writ of habeas corpus in this court, based on the following three grounds:

1.  Six, Eighth and Fourteenth Amendments.

Supporting Facts: Petitioner entered a plea of guilty. Petitioner was sentenced to a term of nineteen (19) years. Petitioner was denied due process of law when the court did not follow the statutory guidelines for the imposition of sentence. Since the court made petitioner's sentence consecutive, which sentence constituted cruel and unusual punishment and exceeded the punishment for a homicide.

2. Fourteenth Amendment.

Supporting Facts: Petitioner was denied due process of law when according to the terms of the plea agreement, he would only receive minimum sentences if he entered a plea of guilty. However petitioner was sentenced to one (1) year less than a maximum sentence as he was sentenced as he was sentenced (sic.) to nineteen (19) years. Thus the plea agreement between petitioner and the prosecution was breached and this denied petitioner due process of law.

3. Sixth and Fourteenth Amendments.

Supporting Facts: Petitioner entered a plea of guilty based upon erroneous advise (sic.) from his attorney. Petitioner was denied effective assistance of counsel and did not enter an intelligent and knowing plea. Petitioner was mislead by counsel and the prosecution concerning the sentence that he would receive. Petitioner received improper advice from his attorney which caused him to enter a plea of guilty. Petitioner did not know all of the facts nor was he knowledgeable concerning the law so that could (sic.) make an intelligent decision to enter a plea of guilty. Petitioner's plea of guilty was constitutionally infirm (sic.).

(Doc. 9, RX 42.)  This court dismissed the petition as untimely on May 12, 2008.

(Doc. 9, RX 46; DeDonno v Hurley, No. 1:04CV1393, 2008 WL 2048205 (N.D. Ohio May 12, 2008).)

On Jan. 22, 2010, the current petition for habeas corpus was filed.  (Doc. 1.)

## II.  SECOND OR SUCCESSIVE PETITION?

The respondent argues that the present petition constitutes a second or successive petition as to the first, second, third, and fifth grounds of the petition, and that the court lacks jurisdiction because DeDonno has not obtained authorization to file such a petition from the Sixth Circuit.  (Doc. 9, at 13-16.)

The habeas statute has several provisions relevant to this issue:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C.A. § 2244(b).  However, Section 2244's "gatekeeping provisions" apply only to a "second or successive petition" within the meaning of the statute.  James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002).

The Supreme Court has recognized that the:

AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.  If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  § 2244(b)(1).  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.  One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  § 2244(b)(2)(B).  The other is for certain claims relying on new rules of constitutional law.  § 2244(b)(2)(A).

Tyler v. Cain, 533 U.S. 656, 661-662 (2001).  More specifically, Section 2244(b)(2)(B) provides that a successive petition may be permitted:

10

> . . . if the petitioner can demonstrate that the "factual predicate for the claim could not have been previously discovered through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

In re Marsch, No. 05-6340, 2006 WL 3780362, at *2 (6th Cir. Dec. 20, 2006) (quoting 28 U.S.C. § 2244(b)(2)(B)(i)-(ii)).

The first issue, then, is whether DeDonno's current petition should be considered a "second or successive petition." The phrase is not defined in the statute, and courts have rejected a literal reading. James, 308 F.3d at 167. Not every subsequent petition for habeas corpus is considered a "second or successive petition" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006) (citing Slack v. McDaniel, 529 U.S. 473, 487 (2000), and other cases); James, 308 F.3d at 167 (citing cases).

In order to file a "second or successive" habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the district court to consider the application. Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010); Tyler, 533 U.S. at 660 n.2 (citing 28 U.S.C. § 2244(b)(3)(A)); Cress v. Palmer, 484 F.3d 844, 852 (6th Cir. 2007); In re Siggers, 132 F.3d 333, 335 (6th Cir. 1997).

The Sixth Circuit had previously found that, if a petition filed in this court is considered a "second" petition, the district court should transfer the petition to the Sixth Circuit Court of Appeals for its consideration. In re Sims, 111 F.3d 45, 46-47

11

(6th Cir. 1997) (per curiam); Marsch, 2006 WL 3780362, at *1. The movant would then have to satisfy the requirements of 28 U.S.C. § 2244(b)(1) and (2) before proceeding further. Siggers, 132 F.3d at 337-339.

In Magwood v. Patterson, however, the Supreme Court stated that, "if [the petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals." Magwood, 130 S.Ct. at 2796 (emphasis added); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (vacating judgment of court of appeals, and directing district court "to dismiss the habeas petition for lack of jurisdiction"). The Magwood Court also noted that, if the application is not "second or successive," it is not subject to Section 2244(b) at all, and the petitioner's claim would be reviewable (absent procedural default). Magwood, 130 S.Ct. at 2796.

Because the phrase "second or successive petition" is not statutorily defined in the AEDPA, courts have resorted to the "abuse of writ" doctrine. James, 308 F.3d at 167 (citing cases); see also Bowen, 436 F.3d at 704. Under the "abuse of writ" doctrine, a habeas petition is a "second" petition "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." Bowen, 436 F.3d at 704 (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)); see also Cress, 484 F.3d at 852 (unavailability of factual basis establishes cause for failure to raise claim); Siggers, 132 F.3d at 338.

The Supreme Court has found that, where there is a new judgment intervening between two habeas petitions, "an application challenging the resulting new judgment is not 'second or successive' at all."  Magwood, 130 S.Ct. at 2802. Federal courts have found that a subsequent habeas petition is not a "second or successive" petition where it raises a claim that originates at resentencing, and which could not have been addressed in the earlier petition.  Lang v. United States, 474 F.3d 348, 351-353 (6th Cir.), cert. denied, 552 U.S. 1083 (2007) (citing cases); James, 308 F.3d at 168 (citing cases).  Claims that could not have been raised in a prisoner's earlier habeas petition do not implicate the gatekeeping requirements of Section 2244.  James, 308 F.3d at 168 (citing cases).

DeDonno filed his first petition for a writ of habeas corpus on July 22, 2004. (Doc. 9, RX 42.)  The trial court held the resentencing hearing, which provides the basis for the fourth ground in the present petition, on April 1, 2008.  (Doc. 9, RX 55.) This petition was filed on Jan. 22, 2010.  (Doc. 1.)  Thus, the claim asserted in the current petition did not exist when DeDonno filed his 2004 petition, so this petition is not "second or successive" for the purposes of AEDPA's gatekeeping provisions. Lang, 474 F.3d at 353; James, 308 F.3d at 168.  Because DeDonno's habeas application challenges a new judgment for the first time, it is not "second or successive" under § 2244(b).  Magwood, 130 S.Ct. at 2792.

The first three grounds of the present petition challenge the validity of his guilty plea, and the fifth ground challenges the sufficiency of his indictment.  These are claims which could have been raised in the 2004 petition.  The respondent

would have the court characterize this as a "mixed petition," although that phrase is generally used for petitions containing both exhausted and unexhausted claims. See generally  Pliler v. Ford, 542 U.S. 225, 227 (2004).

The Second Circuit, for instance, had found that, "when a subsequent habeas petition contains both a new claim that could not have been raised in a prior petition and a claim that was previously raised, we deem such petition 'first' as to the new claim and 'second' as to the old claim." James, 308 F.3d at 168 (citing Galtieri v. United States, 128 F.3d 33, 37-38 (2d Cir. 1997)).  However, the Supreme Court in Magwood found that the phrase "second or successive" should apply to the habeas application as a whole, not to individual claims.  Magwood, 130 S.Ct. at 2798.

The Second Circuit has since recognized that Galtieri is no longer good law after Magwood, and that a subsequent petition challenging a new judgment "is not successive regardless of whether it challenges the conviction, the sentence, or both." Johnson v. United States, 623 F.3d 41, 46 (2d Cir. 2010).  See also Martin v. Bartow, 628 F.3d 871, 877 (7th Cir. 2010) ("petitioner in Magwood challenged his resentencing on grounds that he could have raised in his challenge to his original sentencing, but did not").

Thus, in light of the preceding discussion, the court does not find that DeDonno's habeas petition is barred from consideration as a "second or successive application" under Section 2244.  However, the Court in Magwood stressed that "procedural-default rules continue to constrain review of claims in all applications,

whether the applications are 'second or successive' or not." Magwood, 130 S.Ct. at 2801-2802.

## III.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

However, the beginning of the one-year statute of limitations period is based on the content of the petitioner's claims. Bachman v. Bagley, 487 F.3d 979, 984 (6th Cir. 2007).

## A.  Judgment of conviction

The first, second, third and fifth grounds of the petition concern the underlying judgment of conviction.  The first three grounds challenge the validity of

his Sept. 22, 1998, guilty plea (doc. 9, RX 2; see also RX [104]), and the fifth ground

challenges the sufficiency of his 1998 indictment (doc. 9, RX 1). This court has

already determined that DeDonno's conviction became "final" on July 19, 2000, that

his habeas limitations period began to run on October 18, 2000, and expired one

year later on October 17, 2001. (Doc. 9, RX 46, at 8-9; DeDonno, 2008 WL 2048205,

at *5.) The court found that, even if certain post-conviction filings could be

construed to toll the statute of limitations, his habeas petition filed on July 22,

2004, was untimely. (Doc. 9, RX 46, at 9-11; DeDonno, 2008 WL 2048205, at *5-*6.)

On the same basis, DeDonno's current habeas petition, filed on Jan. 22, 2010, is

untimely as to the first, second, third and fifth grounds which concern the

underlying judgment of conviction.

### B. Resentencing

The fourth ground of the petition concerns DeDonno's sentencing. The

one-year limitations period for a claim that challenges a resentencing judgment

begins on the date that the resentencing judgment became final, rather than the

date that the original conviction became final. Bachman, 487 F.3d at 982; Linscott

v. Rose, 436 F.3d 587, 591 (6th Cir. 2006); Frazier v. Moore, No. 2:05CV1112, 2006

WL 3146436, at *7 (S.D. Ohio Oct.31, 2006), aff'd, 2007 WL 3037256 (6th Cir. Oct.

17, 2007).

On April 1, 2008, the trial court held a resentencing hearing, advising

DeDonno that post-release control for five years was part of his sentence. His

sentence of incarceration remained the same. (Doc. 9, RX 55.) The trial court

denied his motion for reconsideration. (Doc. 9, RX 58.)

DeDonno filed a timely appeal, setting forth the following five assignments of

error:

> 1. Defendant was denied due process of law when the court overruled
> his motion to withdraw his pleas of guilty.
>
> 2. Defendant was denied due process of law when the court imposed a
> nine year sentence for kidnapping when a co-defendant received two
> years for the same offense.
>
> 3. Defendant was denied due process of law when the Court ruled that
> it could not consider defendant's behavior in prison in considering an
> appropriate sentence on resentencing.
>
> 4. Defendant was denied due process of law when he was convicted of
> kidnapping which indictment failed to allege a culpable mental state.
>
> 5. Defendant was denied due process of law when his sentence was
> based upon facts found by the court which were not alleged in the
> indictment nor found by the jury.

(Doc. 9, RX 60.) On April 29, 2009, the court of appeals affirmed the judgment of

the trial court. (Doc. 9, RX 66; Smith (DeDonno), 2009 WL 866899.)

The court of appeals found that DeDonno was precluded by the law of the

case from setting forth new arguments unrelated to his April 2008 resentencing.

(Doc. 9, RX 66, at 5; Smith (DeDonno), 2009 WL 866899, at *3.) The court rejected

his sentencing claims. (Doc. 9, RX 66, at 7-16; Smith (DeDonno), 2009 WL 866899,

at *4-*8.)

DeDonno filed a timely notice of appeal to the Supreme Court of Ohio, and

set forth the following propositions of law:

    1. A defendant has been denied due process of law when the court overrules his motion to withdraw his pleas of guilty where defendant had been sentenced to a void sentence.

    2. A defendant has been denied due process of law when a trial court imposes a nine year sentence for kidnapping when a co-defendant involved in the same offense received two year sentence.

    3. A defendant has been denied due process of law when he has been convicted of kidnapping which indictment failed to allege a culpable mental state.

    4. A defendant has been denied his Sixth Amendment rights when he is sentenced based upon facts found by the Court which were not alleged in the indictment nor found by the jury nor admitted by the defendant.

(Doc. 9, RX 69.)  On Aug. 26, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 9, RX 70; State v. Smith, 122 Ohio St.3d 1506, 912 N.E.2d 109 (2009).)

    On Jan. 22, 2010, DeDonno filed this petition for a writ of habeas corpus, challenging, in part, his April 2008 resentencing.  (Doc. 1.)  It would appear that the current petition is timely, as to the fourth ground.

## IV.  MOOTNESS

    However, the respondent argues that DeDonno's challenge based on the April 2008 sentencing is moot, because he has since been provided with new sentencing hearing, in February 2010.  (Doc. 9, at 19.)  The respondent claims that the alleged

errors in the April 2008 sentencing hearing are not present in the subsequent resentencing hearing.  Id.

After DeDonno filed this habeas petition on January 22, the state trial court granted his Oct. 1, 2009, motion for resentencing on Jan. 28, 2010.  (Doc. 9, RX 80; see also RX 76 (motion).)  The court ruled that, pursuant to State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958 (2009), DeDonno was entitled to a new sentencing hearing in accordance with Ohio Rev. Code § 2929.191(C).  (Doc. 9, RX 80.)

Subsequently, on Feb. 10, 2010, the trial court held a resentencing hearing imposing the same sentence of nineteen (19) years, but notifying DeDonno that he is subject to five years of mandatory post-release control, and advising him of the possible consequences of his violating that supervision.  (Doc. 9, RX 81.)  Thus, DeDonno is no longer in the custody of the state pursuant to the April 2008 sentencing, but rather pursuant to the February 2010 sentencing.

Habeas corpus relief is available only to a prisoner who is in custody pursuant to the court judgment which is challenged by the petition.  Steverson v. Summers, 258 F.3d 520, 522 (6th Cir. 2001); Ward v. Oklahoma, 376 F.2d 847 (10th Cir. 1967) (per curiam).  The habeas statute requires that the petitioner "be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Steverson, 258 F.3d at 522 (quoting Maleng v. Cook, 490 U.S. 488, 490-491 (1989) (per curiam)).  The petition here is based on the April 2008 judgment and sentence.  (Doc. 1, § 2.)

DeDonno's challenge to his 2008 sentencing is moot, because he is no longer in the custody of the State of Ohio pursuant to that 2008 sentence.  See, e.g., Whatley v. Smith, No. 1:08CV1632, 2009 WL 4282926, at *24 (N.D. Ohio Nov. 30, 2009); Pruitt v. Wilson, No. 1:06CV3048, 2008 WL 5378341, at *1-*2  (N.D. Ohio Dec. 19, 2008).  Rather, he is in custody because of the 2010 resentencing.  In addition, any claim of error relating to the 2008 sentencing proceeding has been mooted by DeDonno's 2010 resentencing.  Wright v. Lazaroff, 643 F.Supp.2d 971, 1009 (S.D. Ohio 2009).

The fourth ground of the petition is barred because his petition no longer presents a case or controversy based on the 2008 sentencing.  Habeas review is barred because the fourth ground of the petition is moot in light of the 2010 resentencing.  Although the resentencing hearing imposed essentially the same sentence, the petition challenges his 2008 sentencing, and DeDonno has not amended the petition to revise his statement of the judgment of conviction challenged.  See generally Pruitt, 2008 WL 5378341, at *2.


## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  DeDonno's current habeas petition, filed on Jan. 22, 2010, is untimely as to the first, second, third and fifth grounds.  As to the fourth ground, that claim is moot because DeDonno is no longer  in the custody of the State of Ohio pursuant to the challenged 2008 sentence.

<u>RECOMMENDATION</u>

It is recommended that petition for a writ of habeas corpus be denied.


Dated:  Oct. 31, 2011                    /s/ Kenneth S. McHargh
                                                     Kenneth S. McHargh
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).